## Borough of Warren v.
## Conewango Realty Corporation

*Harper & Clinger,* for the petitioner.

WOLFE, P. J., February 19, 1971.—On March 31, 1970, the Commonwealth of Pennsylvania, Department of Highways, filed a declaration of taking of a portion of the premises of the Borough of Warren for highway purposes under the Eminent Domain Code of the Commonwealth of Pennsylvania.

The Borough of Warren acquired ownership of the property by virtue of a deed from Conewango Realty Corporation dated August 2, 1934, and recorded in the Recorder's Office of Warren County in Deed Book 183, Page 19. This deed contained a reverter clause "that the grant is upon the express condition that the

grantee shall use the premises for purposes of establishing and maintaining public parks, parkways, playgrounds and play field, including swimming pools, bathing places, indoor recreation centers, gymnasiums, and public gardens, and for the purpose of establishing and maintaining municipal airdromes, aviation landing fields and airport facilities, and for such other purposes or purpose as the grantee herein or its successors may now acquire and hold real property, and for any or all of such purposes, and for no other purpose or purposes, and upon its failure so to do then the property hereby conveyed shall revert to and become the property of the grantor, its successors and assigns."

After acquisition, the borough used the premises which consisted of an 80-acre tract for airdrome purposes and landing field as well as recreational facilities. By reason of the declaration of taking, the borough lost 30 acres of the tract and the balance was not feasible for use as an airport landing field. Consequently, the borough was required to abandon that facility. However, the borough continued to use the structures for storage of park equipment and, in addition, the borough acquired adjoining land and developed a ball park and recreational activities thereon.

The borough now requests the court to enter a decree declaring that all damages caused by the reason of taking by the Department of Highways be paid to the borough.

Respondents were unable to be served personally because their successors or assigns were unknown to petitioner and consequently, by order of court, petitioner published notice to respondent, its successors in interest and assigns, that a petition for declaratory judgment had been filed and that the Borough of War-

ren is requesting all damages caused to the "airport property" located within the limits of Warren Borough on the Allegheny River by the partial taking of said property by the Department of Transportation for construction of the Warren bypass. The notice directed respondents to plead to the petition within 20 days from the last date of publication.

Proper proof of the return of publication was filed and no appearance or answer was made by respondents. The Commonwealth of Pennsylvania, Department of Transportation, was served by registered mail and filed an answer to the petition alleging that it was not a party in interest in the dispute and that it was willing to pay the estimated just compensation to the rightful owner of the property so condemned.

On the return date, the court took testimony from the borough manager establishing the foregoing facts together with his testimony that the borough, prior to condemnation, had no other plans or intentions to use the premises for any other purposes in opposition to the reverter clause and by reason of the condemnation expended $60,000 to convert the balance of the property and other acquisitions, including installation of utilities to continue the initial use and that the balance of the property is, in fact, being used in accordance with the conditions of the deed.

In view of the absence of any appearance or answer by respondents, the court might well enter a default judgment. However, since the question of escheat is prevalent, the court will resolve the matter on the merits.

Section 507 of the act requires the apportionment of damages among the owners of the condemned property, including remaindermen and all others having an interest in the property. Petitioner asserts Restatement of the Law, Property, at section 53, as

adopted in the case of Chew v. Commonwealth, 400 Pa. 307; 161 A. 2d 621 (1960), applies. This court agrees.

It seems clear that the court has adopted the position of the Restatement:

"Liability of an owner of an estate in fee simple defeasible to have his interest taken under eminent domain proceedings is identical with that of an owner of an estate in fee simple absolute."

And when there is no evidence at the time of condemnation that the owner of an estate in fee simple defeasible would, in the foreseeable future, make such use of the estate as to end his possessory estate such an owner is entitled to the entire damages resulting from the condemnation.

The Chew case simply held that a remainderman or reverter would be entitled to damages if the fee simple defeasible owner contemplated a probable change of use within a reasonably short period of time prior to the condemnation and thus share in those damages.

This reasoning was followed in Midwestern Developments, Inc. v. City of Tulsa, Oklahoma, 374 F. 2d 683 (1967), at page 688, wherein the Chew case was cited to underline the legal proposition that the entire award in condemnation of lands held in defeasible fee simple is apportionable to the fee owner and the holder of the right of entry or possibility of reverter is entitled to nominal damages only.

The Borough of Warren has used the subject premises from the time of its acquisition thereof in accordance with the conditions of the deed, did not voluntarily make any change in its use, did not contemplate any proposed change in the future and, after condemnation has continued to use the balance of the property in accordance with the conditions of the deed

and in addition expended funds to purchase assets in order to continue the proposed use.

For the foregoing reasons, the court makes the following

ORDER

And now, to wit, February 19, 1971, judgment is entered in favor of the Borough of Warren and the Commonwealth of Pennsylvania, Department of Transportation, is ordered to pay the entire just compensation for the premises condemned by its declaration of taking filed March 31, 1970, at February term, 1970, no. 76, unto the Borough of Warren.

Costs to be paid by the Borough of Warren. Exceptions noted for respondents.